# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Theresa Gouveia,<br>　　　Plaintiff(s),<br>v.<br>Smith's Food & Drug Centers, Inc.,<br>　　　Defendant(s). | Case No. 2:25-cv-00887-CDS-NJK<br>**Order**<br>[Docket No. 10] |

Pending before the Court is a stipulation to extend case management deadlines by 45 days. Docket No. 10.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. This analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1] That an extension request is unopposed "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of [an unopposed] request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

The stipulation fails to establish good cause for the extension sought. As a threshold matter, a request to extend case management deadlines must include a statement "specifying" the discovery completed. Local Rule 26-3. This showing must be made to assist the Court's analysis of whether the parties have been diligent. In this case, the stipulation indicates that both sides have

---

[1] The instant motion also seeks to revive the already-expired deadline to amend pleadings or add parties. *See* Docket No. 10 at 4. Such a request requires an additional showing of excusable neglect. *See, e.g.*, Local Rule 26-3. No such showing has been made.

1

propounded discovery request pursuant to Rules 33, 34, and 36. Docket No. 10 at 2-3.[2] No further details are provided, including the dates on which the discovery requests were propounded and whether responses have been provided.

The stipulation also fails on its merits to show good cause. It appears that this extension is being requested so the parties can discuss settlement and potential mediation prior to the expert disclosure deadline. *See* Docket No. 10 at 2, 3-4.[3] Settlement discussions and potential alternative dispute resolution are entirely common in federal litigation. *See Williams*, 627 F. Supp. 3d at 1181. Because there is nothing unexpected about those circumstances, "it is well-settled that the existence of settlement talks or the potential for alternative dispute resolution is not, standing alone, sufficient to establish good cause for an extension of the case management deadlines." *Id.* (collecting cases). Hence, modifying the case management schedule on this ground requires additional showings:

> Context in making such a request is important. Courts are more likely to allow delay on this basis when, *inter alia*, a meaningful showing is made that the parties have otherwise been diligent in prosecuting the case, the request is made preemptively rather than after the parties agreed without judicial approval to avoid their discovery obligations, the parties are reasonably close to settlement or there is otherwise a substantial likelihood of settlement, settlement is more likely achievable if certain litigation obligations are delayed in the interim, substantial judicial or party resources may be spared if settlement is achieved, and/or a concrete date is set in the relative near-term by which the settlement discussions or alternative dispute resolution will be completed.

*Id.* at 1181. The stipulation here references a desire to avoid expert costs by settling or attending a mediation at some unspecified time. Such conclusory assertions are insufficient to show that case management deadlines should be modified. *See id*

---

[2] The stipulation also references initial disclosures and supplements.

[3] The stipulation also states in general terms that "the parties anticipate that additional time will be necessary to schedule the depositions of Plaintiff and any percipient witness and conduct additional discovery." Docket No. 10 at 2. This reasoning is omitted from the section of the stipulation providing the reasons why the extension is needed. *See id.* at 3-4. Moreover, the Court issued the scheduling order four months ago, Docket No. 8, and no explanation is provided as to why the time already provided for discovery was insufficient to schedule the identified depositions.

Accordingly, the Court **DENIES** without prejudice the stipulation to extend case management deadlines.

IT IS SO ORDERED.

Dated: October 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge