UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Theresa Gouveia,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>Smith's Food & Drug Centers, Inc.,<br><br>　　　　Defendant(s). | Case No. 2:25-cv-00887-CDS-NJK<br><br>**Order**<br><br>[Docket No. 14] |

　　　　Pending before the Court is Plaintiff's motion to exclude the expert opinions of J. Jay Todd. Docket No. 14. The motion argues that Todd provided initial expert opinions that were improperly disclosed as "rebuttal" opinions.

I.　　Local Rule Violations

　　　　Before turning to the substance of the motion, the Court notes threshold deficiencies with the motion. First, the caption of the motion indicates that the filing was made in the local state court, as opposed to being filed in this federal district court. *See* Docket No. 14 at 1; *but see* Local Rule IA 10-2 (providing required caption for filings in this courthouse). Second, the filing combines the motion and exhibits into one document, creating a lengthy PDF file. *See* Docket No. 14 at 1-43; *but see* Local Rule IC 2-2(a)(3)(A) ("Exhibits and attachments must not be filed as part of the base document in the electronic filing system. They must be attached as separate files").[1] Counsel must familiarize themselves with the rules of this courthouse and comply with the rules moving forward. *See, e.g.*, *Dela Rosa v. Scottsdale Mem. Hosp. Sys., Inc.*, 136 F.3d 1241, 1244

---

[1] The Court does not catalogue herein all the ways in which the motion falls short on the basics and there are other ways. For example, while referenced predominately as "Jay Jones" or "J. Jay Jones" in the bulk of the motion, the subject expert's name is actually "J. Jay Todd." *See* Docket No. 14 at 40; *see also id.* at 14 (conclusion of motion seeking to strike "*Defendant* Jay Jones's' [sic] initial opinions" (emphasis added)). In addition to ensuring compliance with the local rules, counsel must carefully review their filings for accuracy and clarity.

1

(9th Cir. 1998) ("Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court").

II.     Substance of Motion

The Court may not exclude an improper expert report if the underlying violation is harmless. Fed. R. Civ. P. 37(c)(1). "Harmlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pac. Indemn. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. Aug. 25, 2016) (collecting cases). Courts routinely find harmlessness sufficient to avoid exclusion sanctions when a rebuttal report served a month before the discovery cutoff includes information that should have been included in an initial report. *See, e.g.*, *Felix v. CSAA Gen. Ins. Co.*, 2017 WL 1159724, at *3 (D. Nev. Mar. 28, 2017) (addressing harmlessness for improper rebuttal report served 33 days before discovery cutoff). Indeed, the very case law on which the motion is predicated does <u>not</u> impose exclusion sanctions. *See Nunez v. Harper*, 2014 WL 979933, at *5 (D. Nev. Mar. 12, 2014) ("it does not appear that exclusion of Dr. Duke's report is the appropriate remedy"); *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *4, 5 (D. Nev. Jan. 6, 2011) ("there is no harm because there is little chance of prejudicing Plaintiff. Any prejudice that might have occurred is easily remedied;" "exclusion of Makita's expert witness is not the proper sanction").

In this case, the subject expert report was served on November 17, 2025. Docket No. 14 at 3. A month remained in the discovery period at the time of disclosure, *see* Docket No. 8, during which Plaintiff could have sought to depose Todd and serve a rebuttal report.[2] Although Plaintiff argues that the expert report was improperly labeled as a rebuttal, the motion provides no

---

[2] Plaintiff waited a month to file this motion and now claims that she lacks the time to rebut this report or depose Todd, circumstances that Plaintiff says create "great" prejudice. Docket No. 14 at 13. Of course, "courts are generally unimpressed by tenuous assertions of prejudice when any harm could have been minimized through the movant's prompt action in either obtaining a stipulation with opposing counsel or moving the Court for relief." *Silvagni*, 320 F.R.D. at 243 n.7.

2

explanation as to how striking it could be warranted (even assuming that it was improperly labeled)[3] given the time remaining within the discovery period when it was disclosed.

III. Conclusion

Accordingly, the motion to strike is **DENIED** without prejudice. If Plaintiff continues to seek relief on this issue, she must file a renewed request addressing the issues raised above by December 23, 2025.

IT IS SO ORDERED.

Dated: December 16, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court expresses no opinion herein as to whether the report was improperly labeled because, even assuming that it was, the motion fails to show that the relief requested is warranted.

3